IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION
_____

| | |
|---|---|
| WILLIAM SHERRATT, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:07-CV-551 DAK |
| ) | |
| v. ) | District Judge Dale Kimball |
| ) | |
| CLINT FRIEL et al., ) | **O R D E R** |
| ) | |
| Defendants. ) | |

_____

Plaintiff/inmate, William Sherratt, filed a *pro se* civil rights complaint, *see* 42 U.S.C.S. § 1983 (2009), proceeding *in forma pauperis*, *see* 28 *id.* 1915.  The Court now screens his complaint,[1] under the standard that any claims in a complaint filed *in forma pauperis* must be dismissed if they are frivolous, malicious or fail to state a claim upon which relief may be granted.  *See id.* §§ 1915-1915A.

### ANALYSIS

Plaintiff's complaint is hundreds of pages long, with dozens of defendants and claims.  The Court has thoroughly reviewed and considered it.  However, the Court will be as concise as possible in its written treatment of the complaint.

### 1. Grounds for Sua Sponte Dismissal

In evaluating the propriety of dismissing a complaint for failure to state a claim upon which relief may be granted, this

---

[1] The Court declines Plaintiff's request to also review his many other past cases before this Court to provide background to or augment his claims here.  The current complaint stands on its own.

Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556).  When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55).  In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe these pro se "'pleadings liberally,' applying a less stringent standard than is applicable

to pleadings filed by lawyers.  Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted).  In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.; see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).  Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"  *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## 2. Improper Defendants

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, 2009 U.S. App. LEXIS 15944, at *4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins*, 519 F.3d at 1250). Plaintiff cannot name an entity or individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Further, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Based on this standard, Plaintiff has done nothing to affirmatively link several of the defendants to a violation of his constitutional rights, but has instead identified them merely as supervisors, at whatever level, and people who ignored or denied letters of grievance. Plaintiff's claims against them may

not survive this screening then. The following defendants are thus dismissed: Clint Friel, Steve Turley, Michael Chabries, Jack Ford, Dan Latham, and James LaBounty.

Other defendants against whom Plaintiff has stated no affirmative link to a constitutional violation are dismissed as well: Ron Sanchez, Karl Powell, Emma Heath, and Annette Valarde.

### 3. Improper Claims

Most of Plaintiff's arguments are general and vague, not tied to his specific situation. Those challenges not alleging facts about Plaintiff in particular are dismissed, with no further analysis. These involve general retaliation (e.g., harsher conditions of confinement and denial of parole) against inmates filing legal actions, filing of false evidence in parole processes, OMR committee general malfeasance toward inmates, banning of some visits by minors to inmates, denial of access to certain therapy programs to sex offenders declaring innocence, violation of inmates' rights to appeal convictions, Utah government's state-wide conspiracy to leave poor prison conditions intact, Utah courts' use of unpublished opinions that contradict precedent and refusal to consider certain new evidence, placement of inmates in double-bunk cells with poor heating and access to upper bunks, lack of law library and helpful contract attorneys, conspiracy to keep legal materials away from and deny or delay GRAMA processes for inmates, and

refusal of religious services to inmates in Oquirrh 3.

### 4. Statute of Limitations

"Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).  Plaintiff's claims accrued when "'facts that would support a cause of action are or should be apparent.'"  *Id.* at 675 (citation omitted).  Plaintiff's claims about anything occurring before July 30, 2003 are thus dismissed, based on the statute of limitations.

### 5. Denial of Parole

Plaintiff's arguments about the unfairness of parole procedures involve BOP's failure to follow its own rules in his parole hearing and denial of his eligibility for parole (e.g., he states dissatisfaction with insistence that he complete sex-offender treatment before being paroled).

Two things keep Plaintiff from moving past the screening stage of his complaint here:  First, he has not met the pleading standard set forth above.  He does nothing more than throw out a couple of "bare assertions."  *Iqbal*, 129 S. Ct. at 1951; *see also Straley v. Utah Bd. of Pardons*, No. 08-4170, 2009 U.S. App. LEXIS 21309, at *17 (10th Cir. Sept. 28, 2009) (stating "bare equal protection claims are simply 'too conclusory' to permit a proper legal analysis") (citation omitted).

6

Second, he has not stated the violation of a federal constitutional right. After all, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a constitutional right. *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Furthermore, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Because Plaintiff has no substantive liberty interest in parole under the Federal Constitution, he cannot in this federal suit challenge the procedures used to deny him parole. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Therefore, the Court concludes that Plaintiff fails to state a claim here, and any related claims are dismissed.

### 6. Constitutionality of Utah's Indeterminate Sentencing Scheme

Plaintiff attacks Utah's indeterminate sentencing scheme as unconstitutional. "It is not," the Tenth Circuit just reaffirmed in recent months. *Straley*, 2009 U.S. App. LEXIS 21309, at *10. This claim therefore also fails and is dismissed.

### 7. Damages for Execution of Sentence

Plaintiff states that he is being illegally detained due to unconstitutional execution of his sentence by the Utah Board of

Pardons and Parole (BOP).  His allegations go to the very basis of his imprisonment.  The Supreme Court has clarified "that a '§ 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement.  Instead, prisoners must seek either federal habeas corpus relief or relief under state law."  *Hudson v. Kansas*, No. 09-3157, 2009 U.S. App. LEXIS 21936, at *4 (10th Cir. Oct. 6, 2009) (unpublished) (citations omitted).  Plaintiff's claims attacking the basis of his confinement are therefore dismissed.

### 8. Remaining Claim

Only one claim remains (framed in the Court's parlance, using the inferences Plaintiff drew from his alleged facts): That Offender Management Review (OMR) committee members violated Plaintiff's constitutional rights and retaliated against him for filing a habeas corpus petition by reducing his privilege levels.

### A. Due Process

Construed liberally, Plaintiff appears to claim, in part, that his privilege levels were reduced without due process.  "The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property.  *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  Thus, the first step in evaluating Plaintiff's possible due process claims is to determine whether his allegations implicate liberty or property

interests protected under the Federal Constitution.

It is well established that prisoners have no constitutional right to any specific classification or housing assignment. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Templeman*, 16 F.3d at 369; *Levoy v. Mills*, 788 F.2d 1437, 1440 (10th Cir. 1986). "Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Templeman*, 16 F.3d at 369. Reclassification implicates a protected liberty interest only when imposing an "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner,* 515 U.S. 472, 484 (1995), or threatening to lengthen his term of confinement, *id.* at 487.

Plaintiff cannot show that his reclassification imposed an "atypical or significant" hardship on him or lengthened his term of confinement. Although Plaintiff may have been denied certain privileges, the regime to which he was subjected as a result of his reclassification was clearly "within the normal limits or range of custody which [his] conviction . . . authorized the State to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *see also Sandin*, 515 U.S. at 487.

Plaintiff also cannot show that his loss of privileges affected his parole date--i.e., lengthened his confinement. As noted above, the Supreme Court has explicitly stated that

"[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7. Moreover, Utah's parole statutes do not create a liberty interest entitling prisoners to federal constitutional protection. *See Malek*, 26 F.3d at 1016. Under Utah's indeterminate sentencing scheme, convicts are sentenced to a statutorily prescribed range of years, then BOP determines whether a convict should be granted parole *prior to* the expiration of his legally imposed sentence. Plaintiff does not allege that he was imprisoned beyond the upper limit of his sentence. Thus, Plaintiff's assertion that Defendants' actions may have interfered with his parole is insufficient to state a claim under § 1983.

Assuming Plaintiff also complains about his lack of access to rehabilitation programs after his privileges were reduced, the Court notes that it is also settled law that prisoners do not have a constitutional right to participate in rehabilitation programs. "Courts have not accepted the claim that an inmate has a constitutional right to any educational, or other programs, and there has never been a recognized constitutional right of rehabilitation for prisoners." *Termunde v. Cook*, 684 F. Supp. 255, 259 (D. Utah 1988); *see also Johnson v. Galli*, 596 F. Supp. 135, 139 (D. Nev. 1984) ("There is no constitutional right to rehabilitation; idleness and a lack of programs do not violate

the Constitution."). Nor can enrollment in such programs be described as a constitutionally protected liberty or property interest because "[n]o fixed set of criteria entitles anyone to admission, and exclusion leaves the prisoner with the normal attributes of confinement."  *Stanley v. Litscher*, 213 F.3d 340, 342 (7th Cir. 2000).

In sum, because Plaintiff's privilege-level reduction did not deprive him of any liberty to which he was entitled under the Federal Constitution, "no particular process was constitutionally due or required, regardless of state law."  *Templeman*, 16 F.3d at 371.  Thus, the Court concludes that Plaintiff's allegations are insufficient to state a claim under the Due Process Clause and such claims are dismissed.

### B. Retaliation

Plaintiff alleges that certain Defendants violated his First Amendment rights by reducing his privilege level in retaliation for his filing of a habeas corpus petition.  To support his allegation, Plaintiff states the following facts:  He had a habeas corpus petition notarized and mailed at the prison.  Shortly after, a prison staff member on an OMR committee referred him for OMR discipline for not complying with his agreement on how to manage himself in prison.  His agreement contained a requirement that he attend Sex Offender Treatment Program (SOTP), which he could not, because he would not accept responsibility

for his crime (i.e., he consistently asserted his innocence). Once the OMR committee determined Plaintiff had not indeed not complied with his management agreement, the committee disciplined him by reducing his privilege levels.  Apparently, based on timing alone, Plaintiff draws the inference that the filing of his habeas petition led to the OMR discipline.  He admits that he was not compliant with his agreement because he would not accept responsibility for his crime(s) because he continued to assert his innocence.  And, this was a fully valid reason for OMR to discipline him (apart from his assertion of innocence in his habeas petition).

＿＿＿The Tenth Circuit has held that "[t]he existence of an improper motive for disciplining a prisoner which results in interference with a constitutional right . . . may give rise to a . . . separate cause of action under section 1983."  *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990).  Plaintiff's superficial factual allegations and inferences do not support the conclusion that he was punished in retaliation for filing a habeas corpus petition.  Other than what Plaintiff obviously believes to be suspicious timing, there are no facts in the Complaint to support the inference that officials used Plaintiff's noncompliance with his management agreement merely as a pretext to punish Plaintiff for exercising his legal-access rights.

Although a reduction of privileges may support a claim of retaliation, to proceed on such a theory, a plaintiff must allege sufficient facts showing that the reduction would not have occurred *but for* the inmate's exercise of his constitutional right.  *Cf. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286 (1977) (formulating, in employment context, causation test distinguishing between result caused by constitutional violation and one not so caused, asking whether same decision would have been made even in absence of protected conduct).  It appears here that Plaintiff's privilege-level reduction resulted from Plaintiff's failure to qualify himself for SOTP, not as retaliation for filing a habeas petition.  Moreover, Plaintiff does not allege that he was placed in a punitive situation, such as segregated confinement; instead, he alleges only that he was moved to a less desirable situation with a concomitant reduction in privileges.  Plaintiff has not alleged facts showing that this would not have occurred *but for* the exercise of his constitutional rights.

Accordingly, the Court concludes that Plaintiff's allegations do not plausibly state a claim for retaliation.

**CONCLUSION**

The Court concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted.  *See* 28 U.S.C.S. § 1915(e)(2)(B)(ii) (2009).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED.**

BY THE COURT:

DATED this 11th day of December, 2009.

_____
DISTRICT JUDGE DALE A. KIMBALL
United States District Court